106     PEOPLE ex rel. SKAHAN v. POLICE COMRS.

First Department, March Term, 1877.

# THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES SKAHAN v. THE BOARD OF POLICE COMMISSIONERS OF THE CITY OF NEW YORK, Respondent.

*Certiorari—Board of police commissioners of New York—trial before.*

On the return to a writ of *certiorari*, issued to review an order of the defendant, removing the relator from the police force of New York, it appeared that the relator was tried, upon charges preferred by his captain and sergeant, for neglect of duty, in failing to arrest two men fighting in the street, and with using improper language to Police Commissioner Erhardt when reproved therefor. The relator was brought before Commissioner Erhardt for trial, and, having been sworn, was asked what he had to say as to the charges, and testified in relation thereto. No other witnesses were examined. Erhardt made a report to the full board, and by the latter the relator was found guilty of a neglect of duty in failing to arrest the men, Erhardt not voting. *Held*, that the proceedings were regular, and that, as Erhardt was not the complainant, and was not examined as a witness, he was clearly not incapacitated from taking and reporting the testimony of the relator. (BRADY, J., dissenting.)

CERTIORARI to review an order of the board of police commissioners, removing relator from the police force of the city of New York.

*Wm. F. Howe*, for the relator.

*Charles F. MacLean*, for the respondent.

DAVIS, P. J.:

This case is brought to a hearing upon the return to the *certiorari*. No issue has been taken by the relator upon any of the facts alleged in such return. The court is not, therefore, at liberty to look behind the return for any of the facts of the case.

The return shows that the relator was charged by the captain and sergeant of the twenty-ninth precinct, " with neglect of duty, and conduct unbecoming an officer."

The specifications under this charge were, in substance, that the relator, while on his post, heard the cry of " police," and saw two men fighting in the street, and acting in a disorderly manner, and

failed to arrest said men then, but subsequently did arrest one of the men, but failed to make a complaint against him at the station-house that would warrant his detention by the sergeant in charge.

Second, that on the relator's attention being called by Commissioner Joel B. Erhardt to the two men fighting, he used words unbecoming an officer and gentleman, to wit: "What in hell is it of your business," or words to that effect.

Due personal service of the charges and specifications and of the notice of trial for the 3d of November, 1876, were admitted.    On the third of November, the hearing was adjourned to the ninth, and on the ninth it was adjourned again to the sixteenth of November, on which day the hearing was had before Commissioner Erhardt, the charge was read to the relator, and he was sworn.    No other testimony was taken, and his statement was laid before a full board of the commissioners, in accordance with rule 131 of the board, regulating the hearing of such charges.

The board found the relator guilty of the charges and ordered his removal.    The return states that all the commissioners concurred in the finding and order except Commissioner Erhardt, who did not vote.    So far as relates to the first specification, the evidence of the relator himself shows a clear neglect of duty.    He saw disorderly persons fighting in the street, and neglected to arrest them; and afterwards, when he arrested one of them upon a charge made by the other that the former had stolen a pistol from him, he neglected to make any charge at the station-house that warranted his detention.

The commissioners thought the excuses made by him were insufficient.    We concur in that view, for it was the plain duty of the relator to have arrested the persons guilty of disorderly conduct in the street at once, and to have made proper charges against them. But if we did not concur, nevertheless the evidence was sufficient to call for the judgment of the commissioners, and their conclusions of fact and as to the sufficiency of the excuses are not so wholly unwarranted as to justify our interference.

It was objected that the relator was tried before Commissioner Erhardt, who was himself a witness of the transaction, and to whom the improper language is charged to have been used.

But the commissioner was not called as a witness on the hearing, and he does not appear to have been the complainant, or even to

108 PEOPLE ex rel. SKAHAN v. POLICE COMRS.

First Department, March Term, 1877.

have instigated the complaint. If he had made the complaint, that act would have been in the line of his duty, and would not necessarily have disqualified him from investigating the charges.

But it appears, in this case, that he only took the testimony of the relator and submitted the same to the full board, and did not vote upon the question of conviction. The trials of this class of cases are summarily conducted without the formalities of courts of law, and it is enough that it appears that the case is one in which the board of commissioners had jurisdiction of the subject-matter of the charges and of the person of the accused, and that *competent* evidence was given which called for the exercise of their judicial functions. (*Haines* v. *Smith*, 45 N. Y., 776 ; *People ex rel. Cook* v. *Board Police*, 39 id., 506 ; *Mullins* v. *People*, 24 id., 399.)

The proceedings should be affirmed and the writ dismissed, with costs.

DANIELS, J., concurred.

BRADY, J. (dissenting):

The relator was charged with dereliction of duty. On the day of his trial, and before any witness was sworn, and before any proof was given against him, he was sworn, and asked what he had to say to the charges preferred against him.

Commissioner Erhardt, who would be, and necessarily so, a witness as to one of the charges, presided alone at the trial, and received and reported the evidence to the full board. He did not vote on the final disposition which was made of the case. The relator was asked questions concerning the alleged insubordination in regard to Commissioner Erhardt, and the testimony in reference to that charge, as well as the other, was thus elicited from him. This mode of procedure, I think, is erroneous. The relator was entitled to confront the witnesses against him, and to answer the proofs. Such was not the case. He was sworn, and then asked what he had to say to the charges, which, by such a proceeding were assumed to be true, and to have been substantiated by evidence. This was not the way to establish the charges, and should not be sustained. No charge should be made unless there is evidence to sustain it, and the witnesses should be called to prove it. This is the usual, the best, and,

indeed, the only way in which such trials should be conducted, unless the person charged admits the accusation.

I think, for these reasons, the judgment was improperly pronounced. Commissioner Erhardt could not be both witness and judge for any purpose connected with the charges, although he did not intend to vote on the final disposition of the case. The whole proceeding was, therefore, erroneous, in my judgment, from the time of administering the oath to the relator.

Proceedings affirmed; writ dismissed, with costs.